Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd. Ste. 1860
Los Angeles, CA 90024
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andrew Woodward d.b.a. SANTA BARBARA POOL SERVICE, an individual sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>STRUCTURAL SYSTEMS LLC, a California limited liability company,<br><br>Defendant. | Case No.: 2:25-cv-7491<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1. **Trademark Infringement (15 U.S.C. § 1114)**<br>2. **False Designation of Origin / Unfair Competition (15 U.S.C. § 1125(a))**<br>3. **Common Law Trademark Infringement**<br>4. **Violation of California Business & Professions Code § 17200**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Andrew Woodward, d.b.a. Santa Barbara Pool Service ("Plaintiff"), by and through its undersigned counsel, alleges as follows:

## INTRODUCTION

1. This is an action for trademark infringement and unfair competition arising from Defendant Structural Swim Systems, LLC's unauthorized and unlawful use of the mark "Santa Barbara Pools," a designation that is confusingly similar to Plaintiff's federally registered and long-used trademark, SANTA BARBARA POOL SERVICE (U.S. Reg. No. 7028920). Plaintiff, a sole proprietorship that has been offering swimming pool maintenance, cleaning, construction, remodeling, and repair services under the SANTA BARBARA POOL SERVICE mark, seeks to enjoin Defendant's infringing conduct and protect its valuable trademark rights.

2. Despite incorporating only recently in September 2024, Defendant has adopted and promoted "Santa Barbara Pools" as its business name and brand in connection with identical services, including through its website and social media, all while having knowledge of Plaintiff's prior rights and federal registration. Defendant has even filed a petition to cancel Plaintiff's federal registration with the Trademark Trial and Appeal Board, but this litigation addresses the real-world marketplace harm currently being suffered by Plaintiff due to Defendant's unauthorized use.

3. Defendant's actions are likely to cause confusion among consumers as to the source, affiliation, or sponsorship of Defendant's services, dilute the distinctiveness of Plaintiff's mark, and irreparably harm Plaintiff's business and goodwill. Plaintiff brings this action to protect its trademark rights, prevent further consumer confusion, and stop Defendant's unfair and unlawful business practices.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff ANDREW WOODWARD d.b.a. SANTA BARBARA POOL SERVICE is a sole proprietorship with its principal place of business at 2965 Stagecoach Road, Santa Barbara, California 93105. Plaintiff provides professional swimming pool maintenance, cleaning, resurfacing, remodeling, tile installation, and construction services throughout Santa Barbara County and Southern California.

7. Defendant STRUCTURAL SWIM SYSTEMS, LLC is a California limited liability company organized on or about September 13, 2024, with a business address at 3935 Carol Avenue, Santa Barbara, California 93110. Defendant markets and provides swimming pool design and construction services in the Santa Barbara area and conducts business under the name "Santa Barbara Pools."

## FACTUAL ALLEGATIONS

8. Plaintiff began using the "Santa Barbara Pool Service" name in commerce as early as 1997, having inherited the name from his brother, Dana B. Woodward, who originally registered it as a DBA in 1992 at the Santa Barbara courthouse. Plaintiff first sought trademark protection for the name on February 10, 2012. Since then, Plaintiff has operated under the mark SANTA BARBARA POOL SERVICE and has built a strong reputation for high-quality swimming pool services throughout the region. The mark has become a source-identifier associated exclusively with Plaintiff's services.

9. In 2021, Plaintiff applied for registration of the SANTA BARBARA POOL SERVICE mark with the United States Patent and Trademark Office. The mark was registered on April 18, 2023, on the Principal Register (Reg. No. 7028920). *See* **EXHBIT A**.

10. Plaintiff's services include swimming pool maintenance, cleaning, resurfacing, tile installation, and construction, remodeling, and repair services, all offered under the SANTA BARBARA POOL SERVICE mark.

11. Plaintiff operates under multiple related domain names including: www.SantaBarbaraPools.com, www.SantaBarbaraPoolService.com, www.SantaBarbaraPoolDesign.com, www.SantaBarbaraPoolServices.com, www.SantaBarbaraPoolSupply.com, www.SantaBarbaraPoolBuilders.com, www.PoolContractorServices.com, www.SantaBarbaraPoolPlastering.com, www.SantaBarbaraSpaandPoolService.com, and www.SantaBarbaraPoolandSpaService.com.

12. Plaintiff's service area includes the Central Coast and Southern California, including Santa Barbara, Santa Maria, Taft, Ojai, Camarillo, Thousand Oaks, and Los Angeles for construction and resurfacing, and the Santa Ynez Valley to Carpinteria and Goleta for cleaning service

13. As a result of over a decade of continuous use, Plaintiff's mark has acquired distinctiveness and strong common law rights in addition to its federal registration.

14. Plaintiff has invested substantial time, effort, and resources in promoting the SANTA BARBARA POOL SERVICE mark and has developed a loyal customer base and a strong reputation in the Santa Barbara community.

15. In or around September 2024, Defendant STRUCTURAL SWIM SYSTEMS, LLC was incorporated and began using the name "Santa Barbara Pools" in commerce to offer swimming pool construction and related services in direct competition with Plaintiff.

16. Defendant operates a website at www.santabarbarapoolsca.com, where it markets its services under the "Santa Barbara Pools" designation. Defendant also operates a public Instagram account at www.instagram.com/santabarbarapools, where it promotes its pool design and construction services using the same infringing mark.

17. Defendant's use of the "Santa Barbara Pools" designation is confusingly similar to Plaintiff's registered and senior SANTA BARBARA POOL SERVICE mark, particularly in light of the overlapping services and identical geographic region.

18. An instance of actual consumer confusion occurred when a prospective customer was referred to "Andrew at Santa Barbara Pools" by her neighbors. Upon conducting an online search, the customer mistakenly contacted Defendant, believing it to be Plaintiff's business. After an unsatisfactory interaction, she decided not to proceed with what she believed were Plaintiff's services. When Plaintiff later connected with the customer through a subcontracting arrangement with a third-party pool company, she stated she had already ruled out "Santa Barbara Pools," incorrectly associating Plaintiff with Defendant. This misunderstanding directly resulted in the loss of a project valued at approximately $50,000. The customer later expressed concern that she had been misled and referred to Defendant as an "impostor," further evidencing actual confusion in the marketplace.

19. Upon information and belief, Defendant was aware of Plaintiff's mark and business prior to adopting its infringing name and acted knowingly and willfully in continuing to use the name despite actual notice.

20. On June 4, 2025, Defendant filed a Petition to Cancel Plaintiff's federal registration with the Trademark Trial and Appeal Board, alleging that Plaintiff's mark is generic or geographically descriptive. This TTAB action does not negate Defendant's current marketplace infringement.

21. Defendant's ongoing conduct has caused and continues to cause actual confusion among consumers and has resulted in the loss of business, reputational damage, and erosion of Plaintiff's brand identity.

22. Plaintiff has no adequate remedy at law and will suffer irreparable harm unless Defendant is enjoined from continuing its unauthorized and infringing use.

## COUNT I

## **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

23. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-22 inclusive, as though fully set forth.

24. As their first cause of action, Plaintiff asserts a claim for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 7028920 for the mark SANTA BARBARA POOL SERVICE, which was registered on the Principal Register on April 18, 2023. The mark is used

in connection with swimming pool maintenance, cleaning, resurfacing, tile installation, construction, remodeling, and repair services in International Class 037. Plaintiff has used this mark in commerce continuously and exclusively since at least February of 2012.

26. Defendant has used and continues to use in commerce the designation "Santa Barbara Pools" in connection with services that are identical or highly similar to those offered by Plaintiff. Defendant is using this mark on its website, social media accounts, and marketing materials, in a manner that is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, or sponsorship of Defendant's services.

27. Defendant's use of the confusingly similar mark "Santa Barbara Pools" has not been authorized by Plaintiff and constitutes willful infringement of Plaintiff's federally registered trademark under Section 32 of the Lanham Act (15 U.S.C. § 1114).

28. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm to its business, reputation, and goodwill. Unless enjoined by this Court, Defendant will continue its infringing activities, thereby causing additional damage and harm to Plaintiff.

29. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, damages pursuant to 15 U.S.C. § 1117(a), including but not limited to Defendant's

profits, Plaintiff's actual damages, and enhanced or treble damages for willful infringement, as well as costs and reasonable attorneys' fees.

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

## (15 U.S.C. § 1125(a))

30. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-29 inclusive, as though fully set forth.

31. As their second cause of action, Plaintiff asserts a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's use of the name and designation "Santa Barbara Pools" constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). Defendant is marketing and offering swimming pool construction and maintenance services under a name that is confusingly similar to Plaintiff's registered mark, thereby falsely implying that its services originate from, are sponsored by, or are otherwise affiliated with Plaintiff.

33. The relevant public is likely to be misled and deceived by Defendant's conduct, particularly given that both parties operate in the same geographic market and provide overlapping services. Defendant's conduct is likely to cause confusion regarding the origin, sponsorship, or approval of its services, leading consumers to

mistakenly associate Defendant with Plaintiff or believe that Defendant is authorized by Plaintiff.

34. Defendant's conduct has harmed and will continue to harm Plaintiff's reputation, brand value, and customer relationships, and has resulted in the diversion of sales and goodwill.

35. As a result of Defendant's unfair competition and false designation of origin, Plaintiff seeks relief under 15 U.S.C. § 1116 and § 1117, including injunctive relief, disgorgement of profits, actual and statutory damages, enhanced damages for willful conduct, and reasonable attorneys' fees.

## COUNT III

## COMMON LAW TRADEMARK INFRINGEMENT

36. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-35 inclusive, as though fully set forth.

37. Plaintiff has acquired strong common law trademark rights in the SANTA BARBARA POOL SERVICE mark through long-term, continuous, and exclusive use of the mark in commerce since at least 2012. Plaintiff has invested substantial time, money, and effort into developing the brand and establishing its reputation as a high-quality provider of swimming pool services in Santa Barbara and surrounding areas.

38. Plaintiff's mark has become a distinctive identifier of Plaintiff's services, and consumers have come to associate the mark with Plaintiff's business

exclusively.

39. Defendant's unauthorized use of the confusingly similar designation "Santa Barbara Pools" in connection with identical services constitutes infringement of Plaintiff's common law trademark rights under California law. Defendant's actions have caused and are likely to continue causing consumer confusion and mistake regarding the source and affiliation of Defendant's services.

40. As a direct result of Defendant's conduct, Plaintiff has suffered harm including reputational damage, loss of goodwill, and lost profits. Plaintiff is entitled to compensatory and exemplary damages, restitution, and injunctive relief to prevent further infringement of its common law rights.

## COUNT IV

### Unfair Business Practices – Cal. Bus. & Prof. Code § 17200 et seq.

41. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-40 inclusive, as though fully set forth.

42. Defendant's conduct as described herein constitutes unlawful, unfair, and fraudulent business practices within the meaning of California Business and Professions Code section 17200 et seq. ("UCL"). Defendant's unauthorized use of a mark that is confusingly similar to Plaintiff's federally registered trademark in connection with directly competing services constitutes unlawful conduct under the UCL because it violates federal trademark laws, including 15 U.S.C. §§ 1114 and 1125.

43.     Defendant's conduct is also "unfair" under the UCL because it offends established public policy, is immoral, unethical, oppressive, and unscrupulous, and causes harm to Plaintiff and the consuming public. By intentionally appropriating Plaintiff's goodwill and misleading consumers, Defendant has gained an unfair competitive advantage in the marketplace.

44.     Moreover, Defendant's conduct is "fraudulent" within the meaning of the UCL because it is likely to deceive members of the public and lead them to believe that Defendant's services are associated with or endorsed by Plaintiff, when in fact they are not.

45.     As a direct and proximate result of Defendant's unlawful business practices, Plaintiff has suffered and continues to suffer injury in fact and lost money or property in the form of diverted customers, lost income, and brand dilution.

46.     Plaintiff seeks all available relief under the UCL, including injunctive relief, restitution of profits and ill-gotten gains, attorneys' fees where recoverable, and any further relief the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A permanent injunction prohibiting Defendant and all persons acting in concert with it from using the designation "Santa Barbara Pools" or any other mark confusingly similar to Plaintiff's mark;

B. An order requiring Defendant to remove all infringing materials from its website, social media, advertising, marketing, and promotional content;

C. An award of Plaintiff's actual damages and Defendant's profits attributable to the infringement, trebled under 15 U.S.C. § 1117, or statutory damages as the Court deems just;

D. An award of Plaintiff's attorneys' fees and full costs of this action;

E. Prejudgment interest as permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 12th day of August, 2025.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Louise Jillian Paris
Attorneys for Plaintiff